MONTEREY COUNTY v. SEEGLEKEN et al.

No. 15,076; April 19, 1894.

36 Pac. 515.

**Specific Performance—Conditions Precedent.**—A covenant in a contract to convey land to a county for a highway and bridge, binding the county to furnish a cattle-way to the river, need not be performed in advance as a condition to a conveyance.

Appeal—Review.—Findings of Fact by the Trial Court will not be reviewed on appeal.

Reformation of Deed.—The Discretion of the Trial Court in Granting the reformation of a deed will not be reviewed, except in a very plain case.

APPEAL from Superior Court, Monterey County; John K. Alexander, Judge.

Action by Monterey county against John and Henry Seegleken to reform a deed. From a judgment for plaintiff, defendants appeal. Affirmed.

W. A. Kearney for appellants; B. V. Sargent, S. F. Geil and J. J. Wyatt for respondent.

TEMPLE, C.—This action was brought to reform a deed. Plaintiff avers that it purchased from the defendants a tract of land, which the complaint specifically describes, for the consideration of $1,000, which was then paid to the defendants; that on the day on which it paid said money to defendants they executed a deed to it, intending thereby to convey the tract of land above alluded to, but, through the mistake of the scrivener in writing the deed, they in fact conveyed to plaintiff, contrary to the agreement and understanding of the grantors and grantee, another tract, which is also specifically described in the complaint; that the mistake was not discovered by plaintiff for several months after the execution of the deed; that defendants refused to rectify the mistake by executing a deed for the tract of land which plaintiff purchased; wherefore plaintiff demands a decree that the deed be reformed, and for such relief as may be just and equitable. The answer is a general denial. The court found for plaintiff all the facts averred in the complaint, but it also found that, as part of the consideration for the deed, plaintiff agreed to give to defendants a sufficient cattle-way from their lands to the Salinas river, between the bridge across Salinas river and the lands of F. S. Spring; and that plaintiff had not complied with that part of its agreement, and had not left a sufficient cattle-way for defendants to the river. Thereupon an interlocutory order was made, requiring plaintiff to provide a cattle-way according to the agreement and to the approval

of the court, which, when done, would entitle plaintiff to the decree as prayed for. Subsequently a final decree was entered, in which, among other things, it is recited that a cattleway has been provided for defendants. The decree then proceeds to award the relief prayed for. Defendants moved for a new trial, and now appeal from the order denying their motion. Three points only are made on this appeal: (1) The alleged contract was not proven, and the contract which was proven had not been performed by plaintiff; (2) the contract proven is so uncertain and indefinite that a court of equity will not enforce it; and (3) the misunderstanding, if there was any, was not mutual.

The county of Monterey, the plaintiff, purchased the land for a highway. It is a strip sixty feet wide along the river, at the westerly termination of which, it appears, a bridge was to be built across Salinas river. The plaintiff contends that the strip purchased extended to Spring's land, which is some one hundred feet farther down the river than the strip described in the deed extends. The bridge was built by the county below the land described in the deed, and within about thirty feet of Spring's boundary.

1. The charge that the contract alleged was not proven, and that the contract proven had not been performed by plaintiff, has reference to the finding that one consideration for the deed was a covenant to furnish a cattle-way to Salinas river. There is a slight misapprehension here, I think, on the part of appellant. The consideration was not the cattle-way, but the agreement to furnish one. The way was to be upon the very land conveyed, and was an agreement to allow the defendants the use of so much of it as would afford a cattle-way. In the nature of things, the contract could not be performed until after the conveyance was made; therefore, it was not a covenant which it was incumbent upon the plaintiff to perform before it became entitled to a conveyance. Since, however, the plaintiff had taken possession and had constructed its bridge, and not left a convenient cattle-way, it was proper for a court of equity to require it to do so before reforming the deed. Considering the proceeding, however, as a suit for specific performance, and the act one which plaintiff was required to perform before being entitled to his deed, the result would be the same. According to some of plaintiff's wit-

nesses, the bridge was located without objection on the part of defendants. The county had performed the most important part of its contract, had expended considerable money on the land, and the act for which plaintiff was in default could still be performed. It does not appear that inconvenience or loss has resulted from the delay. The plaintiff had already provided a cattle-way which it claimed was sufficient, but the court, holding otherwise, granted the relief conditionally. Defendants are not injured: Hoppough v. Struble, 60 N. Y. 430.

2. I presume that appellant, by his second point, really means that the proof that a mistake was made is insufficient; that the proof was so balanced that the court could not say with sufficient certainty that a mistake had been made. This was a question almost entirely for the court below. Unless the evidence be clear and convincing, the trial court should decline to grant the relief. But, in the nature of things, it must be a very plain case to justify the interference of this court with that discretion: Ward v. Waterman, 85 Cal. 504, 24 Pac. 930.

3. The point that the mistake was not mutual is perhaps the same point in a different form. The evidence of the members of the board of supervisors is quite clear as to their understanding. Looking only to the testimony on the part of the plaintiff, it is equally clear as to the understanding of John Seegleken. As I understand the evidence, the controversy concerns him, and not the other defendant. Field and Sheehy, who were members of the board of supervisors of Monterey county when the land was purchased, testified for plaintiff very clearly and positively as to the understanding of John Seegleken. Certain witnesses for the defendants contradicted this testimony, but that only made a case of conflict, and this court will not interfere. I advise that the order be affirmed.

We concur: Vanclief, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the order appealed from is affirmed.